JOURNAL ENTRY and OPINION
{¶ 1} Monroe Guaranty Insurance Companies (Monroe) appealed from the Cuyahoga County Court of Common Pleas' dismissal of its complaint as to Raffuah Health Care, Inc. (Ruffuah) and Emerald Ridge Realty (Emerald). Monroe assigned the following as error for our review:
 {¶ 2} "The trial court abused its discretion in granting Defendant/Appellee, Raffuah Health Care and Emerald Ridge Realty's Motion to Dismiss Complaint."
 {¶ 3} Having reviewed the record and pertinent law, we dismiss this appeal for want of a final appealable order. The apposite facts follow.
 {¶ 4} On September 21, 2001, Monroe filed a complaint for a declaratory judgment against Ruffuah, Emerald, Entasis, Inc., Peter Muller Landscape Horticulture, Inc. (Muller), and S.A. Comunale Co., Inc.
 {¶ 5} On October 30, 2001, Raffuah and Emerald moved to dismiss Monroe's complaint because Monroe filed an identical complaint as an intervening party in another lawsuit. Monroe failed to respond, and on November, 29, 2001, the trial court journalized the following entry:
 {¶ 6} "Motion of Defendants Raffuah Health Care, Inc. and Emerald Ridge Realty to dismiss complaint (filed 10-30-01) is granted as unopposed. Plaintiff having previously filed an identical action in another case may not file a duplicate action here. Plaintiff's complaint is dismissed."
 {¶ 7} The journal form used by the Cuyahoga County Court of Common Pleas includes a check box which permits the deciding judge to indicate his or her decision is a "final" order without stating so textually. Here, the deciding judge checked that box, thus attempting to convey a final order.
 {¶ 8} By the plain language of Civ.R. 54(B) we are unable to accept this designation as a final appealable order. Civ.R. 54(B) states:
 {¶ 9} "[W]hen multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[1]
 {¶ 10} The trial court's dismissal of Monroe's complaint only as to Ruffuah and Emerald is not a final appealable order because Plaintiff's complaint remains pending as to Entasis, Inc., Muller, and S.A. Comunale Co., Inc., and the dismissal entry omits Civ.R. 54(B)'s "no just reason for delay" language. Checking the "final" box does not satisfy Civ.R. 54(B); the "no just cause for delay" language is mandatory when judgment leaves claims pending or does not dispose of all parties. Accordingly, we cannot exercise jurisdiction in this matter, and Monroe's assigned error is moot.
Appeal dismissed.
It is ordered that appellees recover from appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCUR; MICHAEL J. CORRIGAN, P.J.,DISSENTS.
(SEE ATTACHED DISSENTING OPINION.)
{¶ 11} N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 1(A)(1).
[1] Emphasis added.